Jason Leonard
MORGAN & MORGAN, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Arizona Bar No.: 018067
Florida Bar No.: 67233
Fax: (239) 204-2433
Email: JasonLeonard@forthepeople.com
Telephone: (239) 432-6687

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dahlia Lockhart, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | |
| Techtronic Industries North America, Inc., a Delaware corporation; Techtronic Industries Co. Ltd., a Chinese corporation; Homelite Consumer Products, Inc., a Delaware corporation, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, a Delaware corporation; and Home Depot U.S.A., Inc., a Delaware corporation, | TORT – STRICT LIABILITY; NEGLIGENCE;<br><br>JURY TRIAL DEMANDED |
| Defendants. | |

DATED this 15th day of May, 2020.

*/s/ Jason Leonard*

Jason Leonard
Attorney for Plaintiff, Dahlia Lockhart

1

Plaintiff, Dahlia Lockhart, by and through her undersigned counsel, hereby sues Defendants, Techtronic Industries North America, Inc., Techtronic Industries Co. Ltd., Homelite Consumer Products, Inc., One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, and Home Depot U.S.A., Inc., for the claims for relief stated herein.

## SUMMARY OF THE ACTION

1.      Plaintiff, Dahlia Lockhart, brings this action to recover for the severe, permanent, and life-altering injuries she suffered when a Homelite branded leaf blower (the "Subject Leaf Blower") failed on May 29, 2018.

2.      The Subject Leaf Blower was purchased in Arizona, the failure occurred in Arizona, and the injured party was an Arizona resident.

3.      Following an investigation of the incident, it was discovered that Defendants, Techtronic Industries North America, Inc., Techtronic Industries Co. Ltd., Homelite Consumer Products, Inc., and One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment (collectively, the "Homelite Defendants") are designing, manufacturing, marketing, distributing, selling, and/or placing leaf blowers, including the Subject Leaf Blower that caused Ms. Lockhart's injuries, into the stream of commerce with the intent to be sold in the Arizona market.

4.      The Homelite Defendants have history of substantial business activities in Arizona. Indeed, the Homelite Defendants have sold numerous of its products directly as well as through retailers and distributors in Arizona. The Homelite Defendants have marketed/advertised products to Arizona businesses and consumers. Put another way, the Homelite Defendants have reached out to Arizona for profit with the expectation its products will be purchased by consumers in Arizona. It is inconceivable that the Homelite Defendants are not aware that a significant number of its products reach Arizona and that this activity would have consequences in the state.

5.      Defendant, Home Depot U.S.A., Inc. ("Home Depot"), has a history of substantial business activities in Arizona. Indeed, Home Depot has sold numerous of its products directly in Arizona. Home Depot has marketed/advertised products to Arizona consumers. Put another way, Home Depot has reached out to Arizona for profit with the expectation its products will be purchased

by consumers in Arizona. It is inconceivable that Home Depot is not aware that a significant number of its products reach Arizona and that this activity would have consequences in the state.

6.      The Subject Leaf Blower is defective and unreasonably dangerous under Arizona law.

## THE PARTIES, JURISDICTION & VENUE

7.      At all times material hereto, Plaintiff, Dahlia Lockhart, is an Arizona citizen and resident who lives in Phoenix, Arizona.

8.      At all times material hereto, Defendant, Techtronic Industries North America, Inc. is a Delaware corporation with its principal place of business in South Carolina.

9.      At all times material hereto, Defendant, Techtronic Industries Co. Ltd. is a Chinese corporation. It does business in the State of Arizona through its subsidiaries. The United States and China are parties to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters. Service of process in accordance with this international treaty is the exclusive method for serving documents in China. Service of process may be had on Defendant, Techtronic Industries Co. Ltd. via the Hague Convention.

10.      At all times material hereto, Defendant, Homelite Consumer Products, Inc. is a Delaware corporation with its principal place of business in South Carolina.

11.      At all times material hereto, Defendant, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment is a Delaware corporation with its principal place of business in South Carolina.

12.      At all times material hereto, Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware corporation with hits principal place of business in Georgia. Home Depot conducts continuous and substantial business in the State of Arizona.

13.      The Homelite Defendants do business in the State of Arizona, for which it receives substantial revenue.

14.      The Homelite Defendants activities in Arizona support this Court's exercise of specific jurisdiction over the Homelite Defendants.

3

15.     The Homelite Defendants have committed torts in Arizona against Arizona residents, and is subject to the jurisdiction of the courts of Arizona through the Arizona long-arm statute.

16.     By seeking a distribution of its products in Arizona, the Homelite Defendants have purposefully availed themselves of doing business in the state of Arizona in a meaningful way, and have sufficient minimum contacts to justify being subject to the jurisdiction of a Arizona Court. Indeed, Defendant, Techtronic Industries North America, Inc. is a subsidiary of Defendant, Techtronic Industries Co. Ltd. Defendants, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment and Homelite Consumer Products, Inc., are subsidiaries of Defendant, Techtronic Industries North America, Inc. The Homelite Defendants are, therefore, alter egos. Specifically, Defendant, Techtronic Industries North America, Inc. is the alter ego of Defendant, Defendant, Techtronic Industries Co. Ltd., and Defendants, One World Technologies, Inc. and Homelite Consumer Products, Inc. are the alter egos of Defendant, Techtronic Industries North America, Inc. Accordingly, the contacts of Defendants, One World Technologies, Inc. and Homelite Consumer Products, Inc. should be imputed to Defendant, Techtronic Industries North America, Inc.

17.     The Homelite Defendants submitted themselves to the jurisdiction of this Honorable Court by performing, personally or through its agents, at all times material to this cause of action, the following acts:

   a.     Committing a tortious act within this state by selling and delivering defective products, including Homelite branded leaf blowers, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such leaf blowers were used by consumers in Arizona in the ordinary course of commerce and trade;

   b.     Conducting and engaging in substantial business and other activities in Arizona by selling Homelite branded leaf blowers and other products to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

   c.     The acts or omissions of the Homelite Defendants, caused injuries to persons, including Plaintiff. At or about the time of said injuries, the Homelite Defendants engaged in solicitation activities in Arizona to

4

purposefully promote the sale, consumption, and use of its products, including the Subject Leaf Blower which is the subject of this Complaint;

d.   Selling products, including the Subject Leaf Blower which is the subject of this Complaint, with knowledge or reason to foresee that its products, including leaf blowers, would be shipped in interstate commerce and would reach the market of Arizona users or consumers;

e.   The Homelite Defendants are subject to the Arizona long-arm statute by doing business in Arizona, targeting Arizona, and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Arizona;

f.   The claims against the Homelite Defendants are linked, related, and/or arise out of the Homelite Defendants' conduct;

g.   Key elements of the tort occurred in Arizona. Specifically, on May 29, 2018, Ms. Lockhart was using the Subject Leaf Blower in Arizona when it failed and injured her;

h.   The Homelite Defendants have purposefully availed themselves of Arizona;

i.   The Homelite Defendants' contacts with Arizona principally relate to the sale of leaf blowers and similar products such that all of the conduct associated with sales and this civil action is related to and connected with the sale of their products;

j.   Due process and fair play and substantial justice are honored by this civil action going forward in this Arizona Court;

k.   There is little or no burden on the Homelite Defendants litigating this case in this Arizona Court;

l.   It would be a tremendous burden imposed on Ms. Lockhart and inconvenient for the other witnesses to litigate this case in another forum;

m.   Arizona has an interest in overseeing this litigation which involves injuries to an Arizona resident and tortious transactions which occurred in Arizona and defective products sold in Arizona;

n.   Public policy favors resolution of this dispute in this Arizona Court;

o.   The Homelite Defendants conduct and connection with Arizona are such that the Homelite Defendants should reasonably anticipate being haled into court in Arizona.

5

18.     The Homelite Defendants cannot deny personal jurisdiction in this Court for the following:

a.     The Homelite Defendants placed the Subject Leaf Blower into the stream of commerce under circumstances such that the Homelite Defendants should reasonably anticipate being haled into court in Arizona;

b.     The Homelite Defendants have a regular plan for the distribution of its new and used products within Arizona with the goal of achieving a commercial benefit from the sale of those products in Arizona;

c.     The Homelite Defendants place their products into the stream of commerce by targeting Arizona—under circumstances that it could or should reasonably anticipate being haled into courts in Arizona— through retailers and wholesalers in cities and towns in Arizona, as well as through targeted online sales.

d.     The Homelite Defendants have directed sales of products, including leaf blowers, and sold thousands of their products through retailers and wholesalers in Arizona. In doing so, the Homelite Defendants developed a market in Arizona for their products.

e.     The Homelite Defendants have contracts with entities in Arizona for the purchase and distribution of their products so it is reasonably foreseeable that their products would end up in Arizona.

f.     The Homelite Defendants send recall notices related to safety defects into Arizona;

g.     The Homelite Defendants have numerous clients in Arizona;

h.     The Homelite Defendants have purposefully availed themselves of the privilege and benefits of conducting activities within Arizona;

i.     The Homelite Defendants engage in national marketing of its products that pervades into Arizona;

j.     Plaintiff's claims are connected with or relate to the Homelite Defendants contacts with Arizona.

19.     Therefore, this Court is authorized to exercise personal jurisdiction over the Homelite Defendants.

20.     Home Depot does business in the State of Arizona, for which it receives substantial revenue.

21.     Home Depot's activities in Arizona support this Court's exercise of specific jurisdiction over Home Depot.

22.     Home Depot has committed torts in Arizona against Arizona residents, and is subject to the jurisdiction of the courts of Arizona through the Arizona long-arm statute.

23.     By seeking a distribution of its products in Arizona, Home Depot has purposefully availed itself of doing business in the state of Arizona in a meaningful way, and has sufficient minimum contacts to justify being subject to the jurisdiction of a Arizona Court.

24.     Home Depot submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

p.      Committing a tortious act within this state by selling and delivering defective products, including the Subject Leaf Blower, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

q.      Conducting and engaging in substantial business and other activities in Arizona by selling Homelite branded products and component parts to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such products were used by consumers in Arizona in the ordinary course of commerce and trade;

r.      The acts or omissions of Home Depot, caused injuries to persons, including Ms. Lockhart. At or about the time of said injuries, Home Depot engaged in solicitation activities in Arizona to purposefully promote the sale, consumption, and use of its products, including the Subject Leaf Blower which is the subject of this Complaint;

s.      Selling products, including the Subject Leaf Blower which is the subject of this Complaint, with knowledge or reason to foresee that its products would be shipped in interstate commerce and would reach the market of Arizona users or consumers;

t.      Home Depot is subject to the Arizona long-arm statute by doing business in Arizona and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in

7

Arizona and targeting Arizona;

u.   Plaintiff's claims against Home Depot are linked, related, and/or arise out of Home Depot's conduct;

v.   Key elements of the tort occurred in Arizona. Specifically, on May 29, 2018, Ms. Lockhart was using the Subject Leaf Blower in Arizona when it failed and injured her;

w.   Home Depot has purposefully availed itself of Arizona;

x.   Home Depot's contacts with Arizona principally relate to the sale of products and all of the conduct associated with products, including the Subject Leaf Blower and this civil action is related to and connected with the sale of products;

y.   Due process and fair play and substantial justice are honored by this civil action going forward in this Arizona Court;

z.   There is little or no burden on Home Depot litigating this case in this Arizona Court;

aa.   It would be a tremendous burden imposed on Ms. Lockhart and other witnesses to litigate this case in another forum;

bb.   Arizona has an interest in overseeing this litigation which involves injuries to Arizona residents and tortious transactions which occurred in Arizona and defective products sold in Arizona;

cc.   Public policy favors resolution of this dispute in this Arizona Court;

dd.   Home Depot's conduct and connection with Arizona are such that Home Depot should reasonably anticipate being haled into court in Arizona.

25.   Home Depot cannot deny personal jurisdiction in this Court for the following:

a.   Home Depot placed the Subject Leaf Blower into the stream of commerce under circumstances such that Home Depot should reasonably anticipate being haled into court in Arizona;

b.   Home Depot has a regular plan for the distribution of its new and used products within Arizona with the goal of achieving a commercial benefit from the sale of those products in Arizona;

c.   Home Depot places its products into the stream of commerce by targeting Arizona—under circumstances that it could or should

8

reasonably anticipate being haled into courts in Arizona—through retailers and wholesalers in cities and towns in Arizona.

    d.    Home Depot has directed sales of products, including thousands of the Homelite Defendants' products through retailers and wholesalers in Arizona. In doing so, Home Depot developed a market in Arizona for its products.

    e.    Home Depot has contracts with entities and consumers in Arizona for the purchase and distribution of Home Depot's products so it is reasonably foreseeable that Home Depot's products would end up in Arizona.

    f.    Home Depot sends recall notices related to safety defects into Arizona;

    g.    Home Depot has numerous clients in Arizona, including Ms. Lockhart, who purchased the Subject Leaf Blower from Home Depot;

    h.    Home Depot has purposefully availed itself of the privilege and benefits of conducting activities within Arizona;

    ii.    Home Depot engages in national marketing of its products that pervades into Arizona;

    k.    Plaintiff's claims are connected with or relate to Home Depot's contacts with Arizona.

26.    Therefore, The Court is authorized to exercise personal jurisdiction over Home Depot.

27.    The Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Parties.

28.    Venue is proper in this Court because the claims stated herein arose in the District of Arizona.

## FACTUAL ALLEGATIONS

### A.    Background Facts

29.     On May 29, 2018, Plaintiff, Dahlia Lockhart ("Ms. Lockhart"), was severely and permanently injured in Arizona when the material covering the Subject Leaf Blower's impeller failed, causing Ms. Lockhart's hand to be lacerated when she was using the Subject Leaf Blower during normal landscaping use.

30.     The Subject Leaf Blower was designed and/or manufactured by the Homelite Defendants.

31.     The Homelite Defendants designed, manufactured, sold and/or placed the Subject Leaf Blower into the stream of commerce.

32.     Home Depot sold Ms. Lockhart the Subject Leaf Blower.

33.     The injuries sustained by Ms. Lockhart, as described more fully herein, would not have occurred but for the defects present in the Subject Leaf Blower. These defects prevented a normal, safe, and expected use of the Subject Leaf Blower and instead caused the Subject Leaf Blower to seriously injuring Ms. Lockhart.

**CONDITIONS PRECEDENT**

34.     All conditions precedent have been satisfied or excused.

**COUNT I—STRICT LIABILITY**
(against Techtronic Industries North America, Inc.)

35.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

36.     Defendant, Techtronic Industries North America, Inc. ("Techtronic N.A.") is liable under the theory of Strict Product Liability as set forth in the Restatement (Second) of Torts § 402A and Arizona law.

37.     Techtronic N.A. was, at all times relevant to this action, the manufacturer of a product that was unreasonably and dangerously defective in its design, manufacture, and as marketed.

38.     Techtronic N.A. placed the Subject Leaf Blower into the stream of commerce on the market with knowledge that it would be used without inspection for defects and dangers. Techtronic N.A. knew, or should have known, that ultimate users or operators would not and could not properly inspect the Subject Leaf Blower for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

39.     The inherently and unreasonably defective and dangerous condition of the Subject Leaf Blower is a condition that was not readily apparent to Ms. Lockhart, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured or killed by said defective Subject Leaf Blower like occurred here.

40.     The Subject Leaf Blower was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Ms. Lockhart, when manufactured, distributed, and sold by Techtronic N.A. The defects in the Subject Leaf Blower include, but are not limited to a defective guarding mechanism, substandard materials, and/or a faulty manufacturing process.

41.     The Subject Leaf Blower failed to function as expected or perform as safely as an ordinary consumer would expect.

42.     The Subject Leaf Blower was unreasonably dangerous and defective because it failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner and was made in such a way that it posed a risk of danger to users, like Ms. Lockhart.

43.     At the time of Ms. Lockhart's injury, the Subject Leaf Blower was substantially unchanged from its condition, as set forth above, when manufactured, sold, and distributed by Techtronic N.A.

44.     For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Leaf Blower was

unreasonably dangerous to foreseeable users, including Ms. Lockhart, who was using the Subject Leaf Blower in an ordinary and foreseeable manner.

45.     The defects described above directly and proximately caused the injuries sustained by Ms. Lockhart in this foreseeable accident, in that they directly and in natural and continuous sequence produced or contributed substantially to Ms. Lockhart's injuries.

46.     Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Techtronic Industries North America, Inc., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
(Against Techtronic N.A.)

47.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

48.     Techtronic N.A. had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Leaf Blower in a reasonably safe condition so as not to present a danger to members of the general

public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Leaf Blower, including Ms. Lockhart.

49.     Techtronic N.A. knew or in the exercise of due care should have known that the Subject Leaf Blower would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to users, including Ms. Lockhart.

50.     Techtronic N.A. breached its duty by negligently designing, manufacturing, assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the Subject Leaf Blower when it was not in a reasonably safe condition for foreseeable use, as follows:

a.  Failing to ensure the Subject Leaf Blower would perform as safely as an ordinary consumer would expect when installed as intended;

b.  Failing to ensure the Subject Leaf Blower was designed, manufactured, tested, distributed and provided for purchase in a manner to ensure it was free of design and/or manufacturing defects, and/or would not otherwise be damaged or compromised during the distribution process before use;

c.  Failing to require and ensure verification of the use of reasonable testing and quality control checks on a continuing basis where it would then not be further susceptible or subject to further inspection before delivery to foreseeable users of the Subject Leaf Blower;

d.  Failing to ensure the design and manufacturing process was safe for incorporation and use in the Subject Leaf Blower before being incorporated and used by undertaking reasonable steps, including the utilization of testing, quality control and other recognized measures on a continuing basis to ensure product quality for safe use;

e.  Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the hazardous conditions and risks, as stated above, which a user would not reasonably expect to find in the product and which Techtronic N.A. had knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, with respect to the use and operation of the Subject Leaf Blower.

51.     The negligence described above, inclusive of the conduct, actions and inactions as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-

alleged, directly and proximately caused the injuries of Ms. Lockhart, in that it directly and in natural and continuous sequence, produced or contributed substantially to Ms. Lockhart's injuries.

52.     Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Techtronic Industries North America, Inc., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III—STRICT LIABILITY
(against Techtronic Industries Co. Ltd.)

53.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

54.     Defendant, Techtronic Industries Co. Ltd. ("TTI") is liable under the theory of Strict Product Liability as set forth in the Restatement (Second) of Torts § 402A and Arizona law.

55.     TTI was, at all times relevant to this action, the manufacturer of a product that was unreasonably and dangerously defective in its design, manufacture, and as marketed.

56.     TTI placed the Subject Leaf Blower into the stream of commerce on the market with knowledge that it would be used without inspection for defects and dangers. TTI knew, or should have known, that ultimate users or operators would not and could not properly inspect the Subject

Leaf Blower for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

57.     The inherently and unreasonably defective and dangerous condition of the Subject Leaf Blower is a condition that was not readily apparent to Ms. Lockhart, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured or killed by said defective Subject Leaf Blower like occurred here.

58.     The Subject Leaf Blower was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Ms. Lockhart, when designed, manufactured, distributed, and sold by TTI. The defects in the Subject Leaf Blower include, but are not limited to a defective guarding mechanism, substandard materials, and/or a faulty manufacturing process.

59.     The Subject Leaf Blower failed to function as expected or perform as safely as an ordinary consumer would expect.

60.     The Subject Leaf Blower was unreasonably dangerous and defective because it failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner and was made in such a way that it posed a risk of danger to users, like Ms. Lockhart.

61.     At the time of Ms. Lockhart's injury, the Subject Leaf Blower was substantially unchanged from its condition, as set forth above, when manufactured, sold, and distributed by TTI.

62.     For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Leaf Blower was unreasonably dangerous to foreseeable users, including Ms. Lockhart, who was using the Subject Leaf Blower in an ordinary and foreseeable manner.

63.     The defects described above directly and proximately caused the injuries sustained by Ms. Lockhart in this foreseeable accident, in that they directly and in natural and continuous sequence produced or contributed substantially to Ms. Lockhart's injuries.

64.     Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Techtronic Industries Co. Ltd., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT IV—NEGLIGENCE
(Against TTI)

65.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

66.     TTI had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide, adequate, warnings for, package, distribute, and sell the Subject Leaf Blower in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Leaf Blower, including Ms. Lockhart.

67.     TTI knew or in the exercise of due care should have known that the Subject Leaf Blower would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to users, including Ms. Lockhart.

68.     TTI breached its duty by negligently designing, manufacturing, assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the Subject Leaf Blower when it was not in a reasonably safe condition for foreseeable use, as follows:

    a.   Failing to ensure the Subject Leaf Blower would perform as safely as an ordinary consumer would expect when installed as intended;

    b.   Failing to ensure the Subject Leaf Blower was designed, manufactured, tested, distributed and provided for purchase in a manner to ensure it was free of design and/or manufacturing defects, and/or would not otherwise be damaged or compromised during the distribution process before use;

    c.   Failing to require and ensure verification of the use of reasonable testing and quality control checks on a continuing basis where it would then not be further susceptible or subject to further inspection before delivery to foreseeable users of the Subject Leaf Blower;

    d.   Failing to ensure the design and manufacturing process was safe for incorporation and use in the Subject Leaf Blower before being incorporated and used by undertaking reasonable steps, including the utilization of testing, quality control and other recognized measures on a continuing basis to ensure product quality for safe use;

    e.   Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the hazardous conditions and risks, as stated above, which a user would not reasonably expect to find in the product and which TTI had knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, with respect to the use and operation of the Subject Leaf Blower.

69.     The negligence described above, inclusive of the conduct, actions and inactions as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, directly and proximately caused the injuries of Ms. Lockhart, in that it directly and in natural and continuous sequence, produced or contributed substantially to Ms. Lockhart's injuries.

70.     Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily

or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Techtronic Industries Co. Ltd., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT V—STRICT LIABILITY
(against Homelite Consumer Products, Inc.)

71.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

72.     Defendant, Homelite Consumer Products, Inc. ("Homelite") is liable under the theory of Strict Product Liability as set forth in the Restatement (Second) of Torts § 402A and Arizona law.

73.     Homelite was, at all times relevant to this action, the manufacturer of a product that was unreasonably and dangerously defective in its design, manufacture, and as marketed.

74.     Homelite placed the Subject Leaf Blower into the stream of commerce on the market with knowledge that it would be used without inspection for defects and dangers. Homelite knew, or should have known, that ultimate users or operators would not and could not properly inspect the Subject Leaf Blower for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

75.     The inherently and unreasonably defective and dangerous condition of the Subject Leaf Blower is a condition that was not readily apparent to Ms. Lockhart, or similarly situated users,

operators, consumers and owners, who could foreseeably be seriously injured or killed by said defective Subject Leaf Blower like occurred here.

76.     The Subject Leaf Blower was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Ms. Lockhart, when manufactured, distributed, and sold by Homelite. The defects in the Subject Leaf Blower include, but are not limited to a defective guarding mechanism, substandard materials, and/or a faulty manufacturing process.

77.     The Subject Leaf Blower failed to function as expected or perform as safely as an ordinary consumer would expect.

78.     The Subject Leaf Blower was unreasonably dangerous and defective because it failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner and was made in such a way that it posed a risk of danger to users, like Ms. Lockhart.

79.     At the time of Ms. Lockhart's injury, the Subject Leaf Blower was substantially unchanged from its condition, as set forth above, when manufactured, sold, and distributed by Homelite.

80.     For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Leaf Blower was unreasonably dangerous to foreseeable users, including Ms. Lockhart, who was using the Subject Leaf Blower in an ordinary and foreseeable manner.

81.     The defects described above directly and proximately caused the injuries sustained by Ms. Lockhart in this foreseeable accident, in that they directly and in natural and continuous sequence produced or contributed substantially to Ms. Lockhart's injuries.

82.     Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be

experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Techtronic Industries North America, Inc., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT VI—NEGLIGENCE
(Against Homelite)

83.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

84.     Homelite had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Leaf Blower in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Leaf Blower, including Ms. Lockhart.

85.     Homelite knew or in the exercise of due care should have known that the Subject Leaf Blower would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to users, including Ms. Lockhart.

86.     Homelite breached its duty by negligently designing, manufacturing, assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the Subject Leaf Blower when it was not in a reasonably safe condition for foreseeable use, as follows:

f.     Failing to ensure the Subject Leaf Blower would perform as safely as an ordinary

consumer would expect when installed as intended;

g.  Failing to ensure the Subject Leaf Blower was designed, manufactured, tested, distributed and provided for purchase in a manner to ensure it was free of design and/or manufacturing defects, and/or would not otherwise be damaged or compromised during the distribution process before use;

h.  Failing to require and ensure verification of the use of reasonable testing and quality control checks on a continuing basis where it would then not be further susceptible or subject to further inspection before delivery to foreseeable users of the Subject Leaf Blower;

i.  Failing to ensure the design and manufacturing process was safe for incorporation and use in the Subject Leaf Blower before being incorporated and used by undertaking reasonable steps, including the utilization of testing, quality control and other recognized measures on a continuing basis to ensure product quality for safe use;

j.  Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the hazardous conditions and risks, as stated above, which a user would not reasonably expect to find in the product and which Techtronic N.A. had knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, with respect to the use and operation of the Subject Leaf Blower.

87.  The negligence described above, inclusive of the conduct, actions and inactions as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, directly and proximately caused the injuries of Ms. Lockhart, in that it directly and in natural and continuous sequence, produced or contributed substantially to Ms. Lockhart's injuries.

88.  Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Homelite Consumer Products, Inc., for all injuries and damages that she sustained due to the incident

giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VII—STRICT LIABILITY

(against One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment)

89.     Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

90.     Defendant, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("Techtronic Industries Power Equipment") is liable under the theory of Strict Product Liability as set forth in the Restatement (Second) of Torts § 402A and Arizona law.

91.     Techtronic Industries Power Equipment was, at all times relevant to this action, the manufacturer of a product that was unreasonably and dangerously defective in its design, manufacture, and as marketed.

92.     Techtronic Industries Power Equipment placed the Subject Leaf Blower into the stream of commerce on the market with knowledge that it would be used without inspection for defects and dangers. Techtronic Industries Power Equipment knew, or should have known, that ultimate users or operators would not and could not properly inspect the Subject Leaf Blower for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

93.     The inherently and unreasonably defective and dangerous condition of the Subject Leaf Blower is a condition that was not readily apparent to Ms. Lockhart, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured or killed by said defective Subject Leaf Blower like occurred here.

94.     The Subject Leaf Blower was defective and unreasonably dangerous to ultimate users, operators, consumers and owners, including Ms. Lockhart, when manufactured, distributed, and sold by Techtronic Industries Power Equipment. The defects in the Subject Leaf Blower include, but are not limited to a defective guarding mechanism, substandard materials, and/or a faulty manufacturing process.

95.     The Subject Leaf Blower failed to function as expected or perform as safely as an ordinary consumer would expect.

96.     The Subject Leaf Blower was unreasonably dangerous and defective because it failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner and was made in such a way that it posed a risk of danger to users, like Ms. Lockhart.

97.     At the time of Ms. Lockhart's injury, the Subject Leaf Blower was substantially unchanged from its condition, as set forth above, when manufactured, sold, and distributed by Techtronic Industries Power Equipment.

98.     For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Leaf Blower was unreasonably dangerous to foreseeable users, including Ms. Lockhart, who was using the Subject Leaf Blower in an ordinary and foreseeable manner.

99.     The defects described above directly and proximately caused the injuries sustained by Ms. Lockhart in this foreseeable accident, in that they directly and in natural and continuous sequence produced or contributed substantially to Ms. Lockhart's injuries.

100.    Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily

or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT VIII—NEGLIGENCE
(Against Techtronic Industries Power Equipment)

101.    Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

102.    Techtronic Industries Power Equipment had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Leaf Blower in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Leaf Blower, including Ms. Lockhart.

103.    Techtronic Industries Power Equipment knew or in the exercise of due care should have known that the Subject Leaf Blower would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to users, including Ms. Lockhart.

104.    Techtronic Industries Power Equipment breached its duty by negligently designing, manufacturing, assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the Subject Leaf Blower when it was not in a reasonably safe condition for foreseeable use, as follows:

24

f.  Failing to ensure the Subject Leaf Blower would perform as safely as an ordinary consumer would expect when installed as intended;

g.  Failing to ensure the Subject Leaf Blower was designed, manufactured, tested, distributed and provided for purchase in a manner to ensure it was free of design and/or manufacturing defects, and/or would not otherwise be damaged or compromised during the distribution process before use;

h.  Failing to require and ensure verification of the use of reasonable testing and quality control checks on a continuing basis where it would then not be further susceptible or subject to further inspection before delivery to foreseeable users of the Subject Leaf Blower;

i.  Failing to ensure the design and manufacturing process was safe for incorporation and use in the Subject Leaf Blower before being incorporated and used by undertaking reasonable steps, including the utilization of testing, quality control and other recognized measures on a continuing basis to ensure product quality for safe use;

j.  Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the hazardous conditions and risks, as stated above, which a user would not reasonably expect to find in the product and which Techtronic Industries Power Equipment had knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, with respect to the use and operation of the Subject Leaf Blower.

105.  The negligence described above, inclusive of the conduct, actions and inactions as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, directly and proximately caused the injuries of Ms. Lockhart, in that it directly and in natural and continuous sequence, produced or contributed substantially to Ms. Lockhart's injuries.

106.  Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

<u>**COUNT IX—STRICT LIABILITY**</u>
(against Home Depot U.S.A., Inc.)

107.    Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

108.    Home Depot is liable under the theory of Strict Product Liability as set forth in the Restatement (Second) of Torts § 402A and Arizona law.

109.    Home Depot was, at all times relevant to this action, the seller and/or distributor of a product that was unreasonably and dangerously defective in its design, manufacture, and as marketed.

110.    Home Depot placed the Subject Leaf Blower into the stream of commerce on the market with knowledge that it would be used without inspection for defects and dangers. Home Depot knew, or should have known, that ultimate users or operators would not and could not properly inspect the Subject Leaf Blower for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

111.    The inherently and unreasonably defective and dangerous condition of the Subject Leaf Blower is a condition that was not readily apparent to Ms. Lockhart, or similarly situated users, operators, consumers and owners, who could foreseeably be seriously injured or killed by said defective Subject Leaf Blower like occurred here.

112.    The Subject Leaf Blower was defective and  unreasonably dangerous to ultimate users, operators, consumers and owners, including Ms. Lockhart, when manufactured, distributed, and sold by Home Depot. The defects in the Subject Leaf Blower include, but are not limited to a defective guarding mechanism, substandard materials, and/or a faulty manufacturing process.

113.    The Subject Leaf Blower failed to function as expected or perform as safely as an ordinary consumer would expect.

114.    The Subject Leaf Blower was unreasonably dangerous and defective because it failed to perform as safely as an ordinary consumer would expect when used in a foreseeable manner and was made in such a way that it posed a risk of danger to users, like Ms. Lockhart.

115.    At the time of Ms. Lockhart's injury, the Subject Leaf Blower was substantially unchanged from its condition, as set forth above, when manufactured, sold, and distributed by Home Depot.

116.    For the reasons set forth above, and as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, the Subject Leaf Blower was unreasonably dangerous to foreseeable users, including Ms. Lockhart, who was using the Subject Leaf Blower in an ordinary and foreseeable manner.

117.    The defects described above directly and proximately caused the injuries sustained by Ms. Lockhart in this foreseeable accident, in that they directly and in natural and continuous sequence produced or contributed substantially to Ms. Lockhart's injuries.

118.    Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily

27

or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Home Depot U.S.A., Inc., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT X—NEGLIGENCE
(Against Home Depot)

119.   Plaintiff re-alleges and incorporates Paragraphs **Error! Reference source not found.** through 34 of this Complaint as if fully stated herein.

120.   Home Depot had a duty to properly and adequately assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Subject Leaf Blower in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Subject Leaf Blower, including Ms. Lockhart.

121.   Home Depot knew or in the exercise of due care should have known that the Subject Leaf Blower would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to users, including Ms. Lockhart.

122.   Home Depot breached its duty by negligently assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the Subject Leaf Blower when it was not in a reasonably safe condition for foreseeable use, as follows:

    a.   Failing to ensure the Subject Leaf Blower would perform as safely as an ordinary consumer would expect when installed as intended;

b.  Failing to ensure the Subject Leaf Blower was designed, manufactured, tested, distributed and provided for purchase in a manner to ensure it was free of design and/or manufacturing defects, and/or would not otherwise be damaged or compromised during the distribution process before use;

c.  Failing to require and ensure verification of the use of reasonable testing and quality control checks on a continuing basis where it would then not be further susceptible or subject to further inspection before delivery to foreseeable users of the Subject Leaf Blower;

d.  Failing to ensure the design and manufacturing process was safe for incorporation and use in the Subject Leaf Blower before being incorporated and used by undertaking reasonable steps, including the utilization of testing, quality control and other recognized measures on a continuing basis to ensure product quality for safe use;

e.  Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the hazardous conditions and risks, as stated above, which a user would not reasonably expect to find in the product and which Home Depot had knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, with respect to the use and operation of the Subject Leaf Blower.

123.   The negligence described above, inclusive of the conduct, actions and inactions as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, directly and proximately caused the injuries of Ms. Lockhart, in that it directly and in natural and continuous sequence, produced or contributed substantially to Ms. Lockhart's injuries.

124.   Ms. Lockhart suffered personal injuries including (a) bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconveniences or loss of capacity for the enjoyment of life, experienced in the past or to be experienced in the future; (b) the expense of hospitalization, medical care and treatment necessarily or reasonably obtained in the past or to be so obtained in the future; and (c) any earnings or working time lost in the past and any loss of ability to earn money in the future.

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendant, Home Depot U.S.A., Inc., for all injuries and damages that she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages,

consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

125.    Plaintiff, Dahlia Lockhart, demands a jury trial on all issues so triable.

## **CONCLUSION**

**WHEREFORE**, Plaintiff, Dahlia Lockhart, demands judgment against Defendants, Techtronic Industries North America, Inc., Techtronic Industries Co. Ltd., Homelite Consumer Products, Inc., One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, and Home Depot U.S.A., Inc., for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, past, present, and future medical care, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

Dated: May 15, 2020                    Respectfully submitted,

/s/ Jason Leonard
JASON LEONARD , ESQ.
Arizona Bar No.: 018067
Florida Bar No.: 67233
12800 University Drive, Suite 600
MORGAN & MORGAN, P.A.
Fort Myers, FL 33907
Telephone: (239) 432-6687
Email: JasonLeonard@forthepeople.com
*Attorney for Plaintiff*