WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dahlia Lockhart,<br><br>  Plaintiff,<br><br>v.<br><br>Techtronic Industries North America Incorporated, *et al.*,<br><br>  Defendants. | No. CV-20-00938-PHX-JJT<br><br>**ORDER** |

At issue is the admissibility of expert testimony provided by Ms. Cynthia Smith on behalf of Plaintiff. The Court considers Defendants' Motion to Exclude Testimony of Cynthia Smith (Doc. 43, Mot.), Plaintiff's Response in Opposition (Doc. 45, Resp.), and Defendants' Reply (Doc. 50, Reply). It finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). The Court will grant in part and deny in part Defendants' Motion for the reasons set forth below.

**I.   LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.* (*Daubert*), 509 U.S. 579, 589 (1999). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592–93. Factors to consider in this

assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593–94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is applicable to testimony concerning scientific and non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). However, the *Daubert* factors may not apply to testimony that depends on knowledge and experience of the expert, rather than a particular methodology. *U.S. v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000) (citation omitted) (finding that *Daubert* factors do not apply to police officer's testimony based on 21 years of experience working undercover with gangs). An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579.

The advisory committee notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire Co.*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citation omitted).

## II.     ANALYSIS

In their Motion to Exclude, Defendants offer two arguments in support of excluding Ms. Smith's testimony: (1) Ms. Smith's conclusions are unreliable and inadmissible because they are incomplete, and (2) opinions number one, three, and four should be

excluded because they consist of legal conclusions. The Court will examine each of these arguments in turn.

### A. Completeness and Reliability

Defendants argue that Ms. Smith's testimony should be excluded because it is incomplete and therefore unreliable. (Mot. at 9.) An expert witness's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed R. Civ. P. 26(a)(2)(B)(i); *see Kern River Gas Trans. Co. v. 6.17 Acres of Land*, 156 F. App'x 96, 102-103 (10th Cir. 2005) (finding expert evidence inadmissible when the party admitted that the report was only a preliminary report); *Salgado v. GMC*, 150 F.3d 735, 741 n.6 (7th Cir. 1996) ("Expert reports must not be . . . preliminary in nature."). Rule 26 also provides, in part, that "[a]ny additions or changes to . . . information [in an expert witness's report] must be disclosed by the time the party's pretrial disclosures . . . are due." Fed. R. Civ. P. 26(e).

Defendants cite the last conclusion of Ms. Smith's report which states that she "reserves the right to perform additional analyses and to render additional opinions regarding the root cause of failure for the incident housing upon receipt of additional information and test data that remains outstanding." (Mot. at 5 (quoting Ex. A at 34).) They also cite to statements Ms. Smith made at her deposition. There, she stated she was not prepared to give full and complete opinions because she reserved the right to revise her report. (Mot. at 10.) She also indicated that she would supplement her report and stated that it is "impossible to know" whether the injuries were caused by a design or manufacturing defect, or both. (Mot. at 10.)

In her response brief, Plaintiff contends that Ms. Smith's report is complete and not preliminary in nature. (Resp. at 7.) Plaintiff explains that although she received additional documents from Defendants, "[t]he information provided to Cynthia Smith did not change her . . . January 10, 2022 report" because the pertinent information requested was not available. (Resp. at 5.) For that reason, Ms. Smith did not supplement her report as she previously indicated she might.

3

Ms. Smith's report is complete, but she can testify only to the information contained in it, as Plaintiff concedes. (Resp. at 8.) The report's conclusions are not preliminary in nature. Unlike cases where courts have found expert testimony inadmissible for completeness, Ms. Smith's reported conclusions did not rely on the missing information. *Cf. Murray v. Hmshost Corp.*, No. 07-cv-2056 H(BLM), 2009 WL 702095, at *1–2 (S.D. Cal. Mar. 16, 2019) (finding the expert's report incomplete when the expert advised that she could not provide a complete opinion without testimony of investigators in a sexual harassment case); *Hoss v. United Parcel Service*, No. CV 08-498-N-BLW, 2010 WL 672473, at *3 (D. Idaho Feb. 20, 2010) (finding an expert witness report inadmissible because the expert stated that the opinion's completion relied on a deposition that never took place). Ms. Smith reserved the right to amend her report based on the receipt of additional information; she did not state that her conclusions hinged on that information. Ms. Smith can testify to the conclusions in her report to the extent that they are relevant to a determination regarding manufacturing or design defects. Testimony as to any information or opinions outside the scope of her reported conclusions will not be admissible. Because Ms. Smith is confined to testimony based on the reported conclusions, Defendants will not suffer prejudice.

### B. Conclusory Statements

Defendants also contend that conclusions one, three, and four of Ms. Smith's report are impermissible legal conclusions. (Mot. at 14.) Federal Rule of Evidence 704 allows an expert to express an opinion on an ultimate issue to be decided by the jury, but the Ninth Circuit has made clear that the propriety of an expert opinion on ultimate issues does not extend so far as to permit an expert to offer legal conclusions. *Muhktar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) ("However, an expert witness cannot give an opinion as to her legal conclusion, *i.e.*, an opinion on an ultimate issue of law.").

Ms. Smith may testify to conclusions one and four to the extent that her opinions are informed by her experiential knowledge and methodology. As noted above, an expert qualified by experience may testify in the form of opinion if his or her experiential

knowledge will help the trier of fact to understand evidence or determine a fact in issue. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579. Ms. Smith's conclusions that "[n]o evidence was found to suggest that" improper use or action on the part of Ms. Lockhart contributed to the failure of the electric blower are not the product of her experiential knowledge, and indeed, it is the province of the jury to make those determinations. However, her opinions in conclusions one and four regarding the blower's storage and use and the significance of the fractography imaging are admissible.

Regarding conclusion three, Ms. Smith may not testify about the "typical consumer" to the extent that she is stating a conclusion on the "reasonable person" standard. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212–13 (D.C. Cir. 1997) ("[a]n expert may offer his opinion as to facts that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied."). What a reasonable person, or typical consumer, would or would not have seen is the province of the jury. But Ms. Smith may testify to her own observations and analyses of the cracking included in conclusion three.

Accordingly, the Court will grant Defendants' Motion to the limited extent reflected above, but the Motion is otherwise denied.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendants' Motion to Exclude Testimony of Cynthia Smith (Doc. 43), as reflected in this Order.

Dated this 29th day of March, 2023.

Honorable John J. Tuchi
United States District Judge

5