**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dahlia Lockhart, | No. CV-20-00938-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Techtronic Industries North America Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendants' Motion to Exclude Plaintiff's Non-Retained Expert Witnesses. In addition to Defendants' Motion (Doc. 42, Mot.), the Court considers Plaintiff's Response in Opposition (Doc. 48, Resp.), Defendants' Reply (Doc. 49, Reply), and the Complaint (Doc. 1, Compl.).

**I.   BACKGROUND**

Plaintiff Dahlia Lockhart claims she was injured when the material protecting the impeller on a Homelite leaf blower failed and her hand was lacerated during normal use. (Compl. ¶ 29.) The incident leaf blower was designed, manufactured, and distributed by Defendants Homelite Consumer Products, Inc., One World Technologies, Inc., and Techtronic Industries of North America, Inc. (Compl. ¶ 3.) It was sold by Defendant Home Depot U.S.A., Inc. (Compl. ¶ 5.) Plaintiff claims that Defendants are liable for her injuries under theories of negligence and strict liability. (Compl. ¶¶ 35–124.)

## II. ANALYSIS

### A. Scope of Treating Physician Testimony

In their Motion, Defendants argue that Plaintiff's expert witness disclosures with regard to Plaintiff's treating physicians do not satisfy the requirements of Rule 26(a)(2)(C). (Mot. at 2–3.) When a treating physician offers medical opinions as a witness, Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure requires a party to disclose: 1) the subject matter on which the treating physician is expected to present evidence under Federal Rules of Evidence 702, 703, 705; and 2) a summary of the facts and opinions to which the witness is expected to testify. In such an instance, simply disclosing the medical records, and then generally pointing toward them, does not satisfy the requirements of Rule 26. *See Pineda v. Cnty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) (merely stating that the treating physician "will present fact and opinion testimony on causation, diagnosis, prognosis, [and] extent of [injury]" based on medical records was inadequate disclosure); *see also Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2013 WL 551508 (D. Ariz. Feb. 13, 2013) (concluding a disclosure that "the witness will have opinions" in certain areas was inadequate when it "failed to state what the opinions are, and the factual basis for those opinions"); *Smith v. Barrow Neurological Institute*, No. CV 10-01632-PHX-FJM, 2012 WL 4359057 (D. Ariz. Sep. 21, 2012) (concluding that bare disclosure of medical records associated with treating physician was inadequate to satisfy disclosure requirements and constituted grounds to preclude treating physician as witness).

Plaintiff served her disclosures on Defendants on January 10, 2022. (Mot. at 3, Ex. A.) They include ten non-retained treating providers who were expected to offer expert and fact testimony "consistent[] with the treatment records and/or any deposition testimony." (Mot. Ex. A at 2.) Most of the disclosures follow the same pattern: Plaintiff identified the provider(s), briefly described the area of treatment, and stated that the provider would testify "in consistent [sic] and in accordance with their medical records submitted herewith" on several subjects. (Mot. Ex. A at 1–9.) Disclosures seven and eight

1  did not identify a specific provider and will be addressed separately in this Order. (Mot.
2  Ex. A at 6–7.)

3       Defendants contend that the disclosure statements fail to "provide a summary of the
4  facts and opinions" to which the experts are expected to testify as required by Rule
5  26(a)(2)(C) and are vague and conclusory. (Mot. at 3.) The Court agrees that Plaintiff failed
6  to provide an adequate summary of the facts and opinions as required under Rule 26. Fed.
7  R. Civ. P. 26(a)(2)(C). Like the disclosures in *Cooke*, Plaintiff's disclosures indicate "that
8  the witness will have opinions in certain areas, but fail[] to state *what the opinions are . . . .*"
9  *Cooke*, 2013 WL 551508, at *4. Without further explanation of the facts and opinions,
10 referencing the records is not enough. *Smith*, 2012 WL 4359057, at *1.

11       In her Response, Plaintiff states that she only intends to call the treating physicians
12 as fact witnesses, not experts. (Resp. at 1.) Because Plaintiff failed to satisfy the Rule
13 26(a)(2)(C) disclosure requirements and concedes that her treating physicians are fact
14 witnesses only, the Court will grant Defendants' request and exclude any testimony in the
15 form of an opinion by any of the eight individually identified treating providers.
16 Specifically, these providers can testify only to the facts of Plaintiff's treatment; they are
17 not permitted to offer medical opinions or make conclusions based on their medical
18 knowledge. Although the providers may testify to the course of treatment, they cannot
19 opine on subjects such as the cause of the injuries, medical necessity, reasonableness of
20 charges, or resulting limitations.

21       **B.**    **Failure to Disclose: Substantial Justification and Harmlessness**

22       Defendants also take issue with the fact that two of Plaintiff's witness disclosures
23 do not identify an individual, but rather a group of medical providers. (Mot. at 4.)
24 Disclosure numbers seven and eight name only "Treating Physical Therapists" as
25 witnesses. (Mot. Ex. A at 6–7.) Rule 26 requires that a party must initially disclose "the
26 name and, if known, the address and telephone number of each individual . . . ." Fed R.
27 Civ. P. 26(a)(1)(A)(i). Plaintiff did not provide the names of the witnesses, violating the
28 initial disclosure requirements.

In her Response, Plaintiff acknowledges that she also failed to file witness and exhibit lists as required by Rule 26(a)(3) before the Court's deadline (Resp. at 1) as set forth in the Rule 16 Scheduling Order (Doc. 24 at 4, Doc. 39.), a subject the Court will address more fully, below. She argues that there is no resulting prejudice, though, because the disclosures remain unchanged and a trial date has not been scheduled. (Resp. at 1–2.) Plaintiff writes that she will cure this omission "immediately," but she has not. (Resp. at 1.)

Regarding Plaintiff's apparent failure to adequately disclose under Rule 26, Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden to show that the violation of Rule 26(a) is substantially justified or harmless is on the party facing sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). When evaluating substantial justification and harmlessness, courts often consider (1) prejudice or surprise to the other party, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) willfulness or bad faith. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

Given that the Court does not know whether Plaintiff has provided Defendants with medical records or the names of the treating physical therapists, it cannot determine substantial justification and harmlessness at this stage. The Court will hold in abeyance a decision as to whether a Rule 37 sanction is appropriate with regard to Plaintiff's failure to disclose specific treating physical therapists. As noted above, in the absence of Rule 26(a)(2)(C) disclosures, the treating physical therapists would be limited to fact testimony if they were permitted to testify.

### C. Plaintiff's Failure to Meet Scheduling Order Deadline for Witness and Exhibit List Disclosures

Finally, Defendants take issue with the fact that Plaintiff failed to meet the deadline for filing the Rule 26(a)(3) witness and exhibit lists as set forth in the Rule 16 Scheduling

Order. (Mot. at 5.) Rule 16 dictates that "[a] schedule may be modified only for good cause and with the judge's consent." Under the Rule 16 "good cause" standard, "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

Plaintiff has demonstrated neither that she was diligent within the period allotted to disclose and file the Rule 26(a)(3) witness and exhibit lists nor good cause for another extension of the Scheduling Order deadline. The Scheduling Order originally required the parties to complete all pre-trial disclosures under Rule 26(a)(3), a year ago, by April 1, 2022, "so that the parties can complete meaningful discovery necessitated by those disclosures before the discovery deadline." (Doc. 24 at 4.) As the Scheduling Order explicitly stated (Doc. 24 at 4) and the Court explained to the parties at the Scheduling Conference (Doc. 23), this deadline "supersedes the '30 days before trial' disclosure deadline contained in Fed. R. Civ. P. 26(a)(3)." Further, the Court admonished the parties that failure to timely file the Rule 26(a)(3) disclosures "may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed. R. Civ. P. 37, the Local Rules of the District Court, and the inherent power of the Court." (Doc. 24 at 4.)

Plaintiff filed two Consent Motions to extend the Scheduling Order deadlines (Docs. 30, 33), both of which the Court granted (Docs. 31, 34). The parties then filed a Joint Motion to further extend the deadlines (Doc. 38), which the Court also granted (Doc. 39). The final deadline for the parties to disclose and file the Rule 16(a)(3) witness and exhibit lists was September 2, 2022. (Doc. 39 at 2.) Defendants timely filed theirs. (Docs. 40, 41.) Plaintiff filed nothing.

In her Response to Defendants' present Motion, Plaintiff simply states she will remedy the failure to disclose and file "immediately." (Resp. at 1.) And yet, four months

later, Plaintiff has still filed nothing. She also contends no prejudice has arisen because the Court has not yet set a trial date. In so arguing, Plaintiff ignores the Court's Scheduling Order, in which the Court said the deadline the Court set supersedes the Rule 26(a)(3) 30-days-before-trial deadline and explained why. Plaintiff also applies the wrong standard; as stated above, the propriety of a Rule 16 Scheduling Order deadline extension does not depend on lack of prejudice to the other party, but rather the diligence of the party making the request before the deadline set and a demonstration of good cause.

Because it is possible Plaintiff provided Defendants with the required Rule 26(a)(3) witness and exhibit lists and neglected to file them (as Rule 26(a)(3) demands), the Court will require the parties to file a joint statement within three days of the date of this Order containing *only* the current status of Plaintiff's disclosure of the Rule 26(a)(3) witness and exhibit lists. The Court will determine the appropriate sanction upon receipt of the parties' joint statement.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendants' Motion to Exclude Plaintiff's Non-Retained Expert Witnesses (Doc. 42), as reflected in this Order.

**IT IS FURTHER ORDERED** that by **April 10, 2023**, the parties shall jointly file a statement containing *only* the current status of Plaintiff's disclosure of the Rule 26(a)(3) witness and exhibit lists.

Dated this 7th day of April, 2023.

Honorable John J. Tuchi
United States District Judge