WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dahlia Lockhart,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Techtronic Industries North America Incorporated, *et al.*,<br><br>　　　　　Defendants. | No. CV-20-00938-PHX-JJT<br><br>**ORDER** |

　　　　In response to the Court's prior Order (Doc. 53), the parties filed a Status Report (Doc. 56) stating that Plaintiff did not disclose and file the Federal Rule of Civil Procedure 26(a)(3) witness and exhibit lists until the present day, April 10, 2023 (Docs. 54, 55), which is over seven months past the disclosure deadline of September 2, 2022 and over six months past the discovery deadline in this case (Doc. 39 at 2).

　　　　The Court must now determine the appropriate sanction for Plaintiff's extraordinarily late disclosure. As the Court stated in its prior Order (Doc. 53), Rule 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden to show that the violation of Rule 26(a) is substantially justified or harmless is on the party facing sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). When evaluating substantial justification and harmlessness, courts often consider (1) prejudice or surprise to the other party, (2) the

ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and (4) willfulness or bad faith. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

The Court cannot fully evaluate the amount of prejudice or surprise to Defendants without their input. Accordingly, the Court will ask Defendants to review Plaintiff's Rule 26(a)(3) disclosures (Docs. 54, 55) and file a brief summarizing the element of prejudice or surprise arising from any of the late disclosures.

As for willfulness or bad faith, the Court finds the conduct of Plaintiff's counsel constituted evidence of bad faith when counsel acknowledged to Defendants and the Court four months ago that it had "admittedly missed the deadline to submit an exhibit and witness list" and would "cure this immediately," but never did. (Doc. 48 at 1.) Nor did Plaintiff ever, over the last seven months, move for additional time or show good cause therefor. The Court has considered the appropriate sanction carefully, ever mindful that a sanction should be commensurate with the offense. While the inaction by Plaintiff's counsel was in complete disregard of the Court's Scheduling Order, a sanction of the exclusion of all Plaintiff's evidence would end this case in favor of Defendants—a sanction more serious than necessary. Accordingly, the Court will impose a monetary sanction on counsel for Plaintiff based on the efforts Defendants expended in terms of attorneys' fees and costs in attempting to obtain Plaintiff's Rule 26(a)(3) disclosures, including Defendants' filing of the entire Motion to Exclude (Doc. 42) and Reply thereto (Doc. 49). The Court will thus also request from Defendants a statement of these costs and reasonable attorneys' fees, which may include the costs and fees of preparing the aforementioned brief summarizing prejudice or surprise from Plaintiff's late disclosures as well as the statement of costs and fees itself. Plaintiff may file a Response to the statement of costs and fees, but only to the extent Plaintiff can meritoriously challenge the reasonableness of the amount of costs and fees identified. The Court will enter a monetary sanction upon receipt of these briefs.

1 **IT IS THEREFORE ORDERED** that by **April 26, 2023**, Defendants shall file a brief summarizing the element of prejudice or surprise arising from any of Plaintiff's late disclosures (Docs. 54, 55). Plaintiff may file a Response by **May 5, 2023**.

**IT IS FURTHER ORDERED** that by **April 26, 2023,** Defendants shall file a statement of costs and reasonable attorneys' fees in attempting to obtain Plaintiff's Rule 26(a)(3) disclosures, as further detailed in this Order. Plaintiff may file a Response by **May 5, 2023**, but it may only contain any meritorious challenge to the reasonableness of the amount of costs and fees identified.

Dated this 11th day of April, 2023.

_____
Honorable John J. Tuchi
United States District Judge

- 3 -