**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dahlia Lockhart, | No. CV-20-00938-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Techtronic Industries North America Incorporated, *et al.*, | |
| Defendants. | |

The parties have now timely submitted, and the Court has reviewed, the briefs (Docs. 58, 59, 60, 61) the Court ordered with regard to Defendants' prejudice or surprise arising from Plaintiff's late disclosures as well as Defendants' costs and attorneys' fees in attempting to obtain Plaintiff's disclosures.

As the Court stated in its prior Orders (Docs. 53, 57), Federal Rule of Civil Procedure 37(c)(1) provides, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The burden to show that the violation of Rule 26(a) is substantially justified or harmless is on the party facing sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). When evaluating substantial justification and harmlessness, courts often consider (1) prejudice or surprise to the other party, (2) the ability of that party to cure the prejudice, (3) the likelihood of disruption of trial, and

(4) willfulness or bad faith. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

In the prior Order (Doc. 57), the Court already found Plaintiff acted willfully or in bad faith by failing provide to Defendants and file the Rule 26(a)(3) disclosures (Docs. 54, 55) until seven months after the deadline set forth in the Scheduling Order, six months after the close of discovery, and four months after Plaintiff informed Defendants and the Court that she would file the disclosures "immediately." Moreover, Plaintiff never filed a motion or showed good cause for additional time.

Based on Defendants' brief (Doc. 58) and Plaintiff's response thereto (Doc. 60), the Court finds that Defendants suffered prejudice or surprise from Plaintiff's failure to timely disclose through the uncertainty it caused during the discovery period and the resulting difficulty in preparing a defense. Plaintiff has now cured the prejudice to some degree in the Rule 26(a)(3) disclosures ultimately provided by listing only witnesses and exhibits she had previously identified to Defendants, and the trial is unlikely to be disrupted.

Considering these factors, the Court will impose the monetary sanction on Plaintiff as set forth in the prior Order (Doc. 57), but not more. Upon review of the parties' briefs (Docs. 59, 61) regarding Defendants' related attorneys' fees and costs, the Court will award Defendants approximately half of the fees associated with filing the Motion to Exclude (Doc. 42) and Reply thereto (Doc. 49) and all of Defendants' fees in filing the two briefs requested by the Court in association with this sanction (Docs. 58, 59), totaling $9,600. The Court finds this sanction sufficient but no greater than necessary to address Plaintiff's failure to timely provide the Rule 26(a)(3) disclosures.

**IT IS THEREFORE ORDERED** that Plaintiff shall pay Defendants the sum of $9,600 as a sanction for her untimely Rule 26(a)(3) disclosures.

Dated this 11th day of May, 2023.

Honorable John J. Tuchi
United States District Judge